IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HOT SPRINGS DIVISION

EMMA PLUMMER                                                                                          PLAINTIFF

vs.                                       Civil No. 6:20-cv-06108

COMMISSIONER, SOCIAL                                                                            DEFENDANT
SECURITY ADMINISTRATION[1]

**MEMORANDUM OPINION**

Emma Plummer ("Plaintiff") brings this action pursuant to § 205(g) of Title II of the Social Security Act ("The Act"), 42 U.S.C. § 405(g) (2010), seeking judicial review of a final decision of the Commissioner of the Social Security Administration ("SSA") denying her applications for a period of disability, Disability Insurance Benefits ("DIB"), and Supplemental Security Income ("SSI") benefits under Title II and XVI of the Act.

The parties have consented to the jurisdiction of a magistrate judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. ECF No. 7.[2] Pursuant to this authority, the Court issues this memorandum opinion and orders the entry of a final judgment in this matter.

**1.    Background:**

Plaintiff protectively filed her disability applications on October 2, 2018. (Tr. 10, 75, 84, 97, 107). In these applications, Plaintiff alleged being disabled due to scoliosis, spinal fusion

---

[1] Kilolo Kijakazi became Acting Commissioner of the Social Security Administration on July 9, 2021. Pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi should be substituted as the defendant in this suit. No further action needs to be taken to continue this suit by reason of the last sentence of section 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

[2] The docket numbers for this case are referenced by the designation "ECF No. ___." The transcript pages for this case are referenced by the designation "Tr" and refer to the document filed at ECF No. 14. These references are to the page number of the transcript itself not the ECF page number.

1

surgery, arthritis, fibromyalgia, degenerative disc disease, depression, anxiety, neuropathy, and diabetes. (Tr. 74-82, 83-91, 96-105, 106-115). Plaintiff alleged an onset date of September 20, 2018. (Tr. 10, 74, 83, 96, 106). These applications were denied initially and again upon reconsideration. (Tr. 120-122, 123-125, 130-131, 132-133). Thereafter, Plaintiff requested an administrative hearing, and this hearing request was granted. (Tr. 135-142).

Plaintiff's administrative hearing was held on December 4, 2019, in Little Rock, Arkansas. (Tr. 32-73). At this hearing, Plaintiff was present and represented by Sherri McDonough. *Id*. Plaintiff and Vocational Expert ("VE") William Elmore testified at this hearing. *Id*.

On January 10, 2020, the ALJ entered an unfavorable decision denying Plaintiff's disability applications. (Tr. 7-21). In his decision, the ALJ found Plaintiff met the insured status requirements of the Act through December 31, 2023. (Tr. 12, Finding 1). The ALJ found Plaintiff had not engaged in Substantial Gainful Activity ("SGA") since September 20, 2018, her alleged onset date. (Tr. 12, Finding 2). The ALJ found Plaintiff had the following severe impairments: degenerative disc disease; diabetes mellitus; depression; neuropathy; anxiety; and bipolar disorder. (Tr. 13, Finding 3). Despite being severe, the ALJ determined Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 13, Finding 4).

In his decision, the ALJ evaluated Plaintiff's subjective complaints and determined her Residual Functional Capacity ("RFC"). (Tr. 15-19, Finding 5). Specifically, the ALJ found Plaintiff retained the following RFC:

> After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except the claimant can occasionally stoop, crouch, bend, kneel, crawl and balance. She can have frequent use of the upper extremities for fingering and handling in the upper extremities. The claimant can occasionally use lower extremities for foot controls and pedals. She is limited to

>   work that is simple, routine and repetitive with supervision that is simple, direct and concrete. The claimant can have occasional interaction with co-workers, supervisors and the public.

(Tr. 15, Finding 5).

The ALJ evaluated Plaintiff's Past Relevant Work ("PRW") and found Plaintiff was unable to perform any of her PRW. (Tr. 19, Finding 6). The ALJ then considered whether Plaintiff retained the capacity to perform other work existing in significant numbers in the national economy. (Tr. 19-20, Finding 10). In making this determination, the ALJ relied upon the testimony of the VE. *Id*. Specifically, the VE testified Plaintiff retained the capacity to perform work as an addresser (sedentary) with 10,000 jobs in the national economy, table worker (sedentary) with 3,000 jobs in the national economy, and surveillance system monitor (sedentary) with 13,000 jobs in the national economy. (Tr. 20). Because Plaintiff retained the capacity to perform this other work, the ALJ determined Plaintiff had not been under a disability, as defined by the Act, from September 20, 2018, or through January 10, 2020, the date of his decision. (Tr. 20-21, Finding 11).

Plaintiff requested the Appeal's Council's review of the unfavorable disability determination. The Appeals Council denied this request on August 5, 2020. (Tr. 1-6). Thereafter, on September 22, 2020, Plaintiff appealed her administrative case to this Court. ECF No. 1. The parties consented to the jurisdiction of this court on September 23, 2020. ECF No. 7. Both parties have filed their appeal briefs, and this matter is now ripe for consideration. ECF Nos. 16, 19.

**2.     Applicable Law:**

It is well-established that a claimant for Social Security disability benefits has the burden of proving his or her disability by establishing a physical or mental disability that lasted at least one year and that prevents him or her from engaging in any substantial gainful activity. *See Cox v. Apfel*, 160 F.3d 1203, 1206 (8th Cir. 1998); 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A). The Act defines a "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. §§ 423(d)(3), 1382(3)(c). A plaintiff must show that his or her disability, not simply his or her impairment, has lasted for at least twelve consecutive months. *See* 42 U.S.C. § 423(d)(1)(A).

To determine whether the adult claimant suffers from a disability, the Commissioner uses the familiar five-step sequential evaluation. She determines: (1) whether the claimant is presently engaged in a "substantial gainful activity"; (2) whether the claimant has a severe impairment that significantly limits the claimant's physical or mental ability to perform basic work activities; (3) whether the claimant has an impairment that meets or equals a presumptively disabling impairment listed in the regulations (if so, the claimant is disabled without regard to age, education, and work experience); (4) whether the claimant has the Residual Functional Capacity (RFC) to perform his or her past relevant work; and (5) if the claimant cannot perform the past work, the burden shifts to the Commissioner to prove that there are other jobs in the national economy that the claimant can perform. *See Cox,* 160 F.3d at 1206; 20 C.F.R. §§ 404.1520(a)-(f). The fact finder only considers the plaintiff's age, education, and work experience in light of his or her RFC if the final stage of this analysis is reached. *See* 20 C.F.R. §§ 404.1520, 416.920 (2003).

**3.     Discussion:**

In her appeal brief, Plaintiff raises the following three arguments for reversal: (1) the ALJ erred in assessing Plaintiff's non-exertional impairments; (2) the ALJ erred in his evaluation of Plaintiff's subjective complaints; and (3) the ALJ erred in assessing Plaintiff's RFC.  ECF No. 16.  In response, Defendant argues the ALJ did not err in any of his findings.  ECF No. 19.

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole.  *Ramirez v. Barnhart*, 292 F.3d 576, 583 (8th Cir. 2002).  Substantial evidence is less than a preponderance, but it is enough that a reasonable mind would find it adequate to support the Commissioner's decision.  The ALJ's decision must be affirmed if the record contains substantial evidence to support it.  *Edwards v. Barnhart*, 314 F.3d 964, 966 (8th Cir. 2003).  As long as there is substantial evidence in the record that supports the Commissioner's decision, the Court may not reverse it simply because substantial evidence exists in the record that would have supported a contrary outcome, or because the Court would have decided the case differently.  *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001).  In other words, if after reviewing the record it is possible to draw two inconsistent positions from the evidence and one of those positions represents the findings of the ALJ, the decision of the ALJ must be affirmed.  *Young v. Apfel*, 221 F.3d 1065, 1068 (8th Cir. 2000).

The Court has reviewed the entire transcript and the parties' briefs.  For the reasons stated in the ALJ's well-reasoned opinion and in the Government's brief, the Court finds Plaintiff's arguments on appeal to be without merit and finds the record as a whole reflects substantial evidence to support the ALJ's decision.  Accordingly, the ALJ's decision is hereby summarily affirmed and Plaintiff's Complaint is dismissed with prejudice.  *See Sledge v. Astrue*, 364 Fed. Appx. 307 (8th Cir. 2010) (district court summarily affirmed the ALJ).

**4.** **Conclusion:**

Based on the foregoing, the undersigned finds that the decision of the ALJ, denying benefits to Plaintiff, is supported by substantial evidence and should be affirmed. A judgment incorporating these findings will be entered pursuant to Federal Rules of Civil Procedure 52 and 58.

**ENTERED this 24th day of September 2021.**

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE